**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **REBECCA ALBERT CARNOT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 1:12-cv-00139-JAW** |
| | ) |
| **JANET NAPOLITANO,** | ) |
| **Secretary, United States Department** | ) |
| **of Homeland Security, Customs and** | ) |
| **Border Protection,** | ) |
| | ) |
| **Defendant.** | ) |

## PRETRIAL MEMO

Defendant Customs and Border Protection ("CBP") hereby provides this Pretrial Memo

in accordance with the Court's Scheduling Order.

## BACKGROUND

Plaintiff Rebecca Albert Carnot ("Albert") was a Customs and Border Protection

("CBP") Officer (Intern) at the Coburn Gore Port of Entry whose internship was terminated,

effective January 11, 2011, prior to the conclusion of her two-year period of probationary

employment.  The termination was based on four incidents that occurred during the preceding

months, as stated in the termination letter:

> Sometime during March of 2010, you informed Supervisory CBP
> Officer Pease that you had changed the combination to the Port of
> Entry safe. After you made this statement, the safe was
> successfully opened using the prior combination. The new
> combination, which you stated you changed it to, did not work to
> open the safe.
>
> On June 22, 2010, you experienced back pain at work and went to
> a hospital and were diagnosed with kidney stones. On July 13,
> 2010, you submitted a form CA-1 indicating the cause of your
> injury on June 22, 2010 was "lifting up a bed frame," in the
> performance of your duties.

On September 14, 20 I 0, you submitted an inaccurate overtime ticket indicating you worked 1.5 hours of overtime when you had actually worked .5 hours of overtime.  Although, in an e-mail dated September 17, 2010, you claimed you had attempted to change this overtime ticket, you neither corrected the overtime ticket, nor did you notify a supervisor regarding the error until after Supervisory CBP Officer Leslie McKendry had already corrected the overtime ticket.

On October 31, 2010, you arrived late for duty.  Supervisory CBP Officer Jeffrey Gibbs advised you to enter a leave request for the time you were late.  You stated to Supervisory CBP Officer Gibbs that you and CBP Officer Carbone had stayed late on October 28, 2010.  You further stated that you did not put in an overtime ticket.  You entered your annual leave and overtime request into COSS.  CBP Officer Carbone did not claim overtime for October 28, 2010.  When asked if he had worked overtime on that date, CBP Officer Carbone stated that he had stayed only a few minutes late and that you had left before him.  Based on the inconsistencies between your statements and those of CBP Officer Carbone, Supervisory CBP Officer Gibbs reviewed video tape of the time period on October 28, 2010 when you claimed you worked overtime.  Although you submitted a claim for overtime from 4:00 p.m. to 4:15 p.m., the video tape shows that you left the port of entry in your personally owned vehicle at 4:02 p.m.

Your actions in the incidents on or about July 13, 2010, September 14, 2010, and October 31, 2010 violated Section 6.4.1 of the CBP Standards of Conduct, which state: "Employees will not make false, misleading, incomplete, or ambiguous statements, whether oral or written, in connection with any matter of official interest."  Your conduct in these incidents, causes me concern, particularly because you are an employee of a law enforcement agency.  As law enforcement officers, CBP Officers are held to a higher standard, which you have shown yourself to be unable to meet.

(January 11, 2011 letter from Kevin Weeks, Director, Field Operations, Boston Field Office)

Albert asserts that her employment termination was discriminatory, and not based on the merits described above.  Counts I and II allege a hostile work environment based on gender and religion, respectively.  Count III asserts gender discrimination.  Count IV asserts retaliation for having filed an EEO complaint.

**DISCUSSION**

**I.  <u>Issues of Law or Evidence</u>**

    a.  Whether Albert suffered an adverse action based on a gender-based or religious-based hostile work environment?

    b.  Whether Albert's probationary employment termination was based on legitimate non-discriminatory reasons?

    c.  Whether Plaintiff experienced an adverse action in retaliation for having filed an EEO complaint?

    d.  Whether CBP would have taken the same actions regardless of any discrimination or retaliation or hostile work environment?

**II. <u>Proposed Scheduling</u>**

    a.  That within one week Plaintiff would email Defendant a pdf version of her pre-marked exhibits; one week after that, the Defendant would respond by email with a pdf version of non-duplicative additional exhibits.

    b.  That the Court set a briefing schedule for motions *in limine.*

**III.<u>Defendant's Witnesses</u>**

    a.  Kevin Weeks, Director, Field Operations, Boston Field Office, 10 Causeway Street, Boston, MA  02222

    b.  Keith Fleming, Area Port Director, Portland, Maine

    c.  Timothy Lacasse ("Lacasse"), Port Director**,** Port of Jackman, Maine**,** 2614 Main Street, Sandy Bay Township, ME  04945 (hereinafter "the Jackman POE")

    d.  Edwin Cuddy, Assistant Port Director, the Jackman POE

    e.  Leslie McKendry, CBP Officer, the Jackman POE

    f.  Jeffrey Gibbs, Supervisory CBPO, the Jackman POE

    g.  Gregory Pease, Supervisory CBPO, Port of Coburn Gore, Maine, 2614 Main Street, Sandy Bay Township, ME  04945 (hereinafter "the Coburn Gore POE").

h.  Lynn Pease, 44 Park Street, Stratton, Maine 04982

i.  Jason Thomas, CBP Officer, the Coburn Gore POE

j.  Michael Smith, CBP Officer, the Coburn Gore POE

k.  Peter Farnsworth, CBP Officer, the Coburn Gore POE

l.  Rory Bates, CBP Officer, the Coburn Gore POE

m.  Leo Carbone, CBP Officer, the Coburn Gore POE

n.  Julia Lynch, DCR Officer, CBP Office of the Commissioner, Office of Diversity and Civil Rights, Atlanta, GA

o.  Robert Hayes, CBP Officer, Coburn Gore POE

p.  Robert Ruddy, CBP Officer, Coburn Gore POE

q.  Cathy Moores, CBP Officer, Coburn Gore POE

r.  Alexandra Wappett, CBP Officer, Port of Ketchikan, Alaska, 648 Mission Street, Suite 101, Ketchikan, AK  99901

s.  Kathryn Barcomb, Customs and Border Protection, Champlain, New York

t.  Thomas College Custodian of Records (attention Michelle Joler-Labbe)

u.  Louann Dustin-Hunter, 253 Raymond Road, Brunswick, Maine 04011

## IV. Exhibits

a.  The Defendant's Initial Disclosure documents, as supplemented.

b.  The EEO investigative report and exhibits

c.  The Internal Affairs investigative report and exhibits

d.  The depositions transcripts and exhibits

e.  Written discovery responses

f.  The documents exchanged in this action and in the underlying administrative action.

g.  The documents produced in response to third-party subpoenas.

      h.   The October 28, 2010 videotape of Albert leaving the Coburn Gore POE.

      i.   Site photographs.

Dated:  May 10, 2013                Respectfully submitted,

                                Thomas E. Delahanty II
                                United States Attorney

                                /s/ Evan J. Roth, AUSA
                                U.S. Attorney's Office
                                100 Middle Street
                                East Tower, 6th Floor
                                Portland, ME 04101
                                207-780-3257
                                Evan.Roth@usdoj.gov

## Certificate of Service

       I certify that on May 10, 2013, I caused the foregoing to be filed on the Court's ECF system, which will provide electronic service to the following:

Jeffrey Neil Young and Carol Garvan
McTEAGUE HIGBEE
Four Union Park
P.O. Box 5000
Topsham, ME 04086
(207) 725-5581
jyoung@mcteaguehigbee.com

                                /s/ Evan J. Roth, AUSA